## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

PHEBE LASSITER,

    Plaintiff,

v.

PINNACLE FINANCIAL GROUP INCORPORATED, a Minnesota corporation,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Phebe Lassiter is a natural person.

8. The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant Pinnacle Financial Group Incorporated is a Minnesota corporation operating from an address at 7825 Washington Avenue South, Suite 310, Minneapolis, Minnesota, 55439.

12. The Defendant's registered agent in the state of Colorado is Irvin Allen Borenstein, Esq., 13111 E. Briarwood Avenue, Suite 340, Centennial, Colorado, 80112.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect debts alleged to be due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**FACTUAL ALLEGATIONS**

18. Sometime before 2012 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on personal account owed to Qwest / Centurylink (hereinafter the "Account").

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with Qwest / Centurylink.

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22. The Plaintiff disputes the Account.

23. The Plaintiff requests that the Defendant cease all further communication on the Account.

24. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

25. The Defendant acted at all times mentioned herein through its employee(s).

26. This Complaint and Jury Demand only seeks relief for activity that occurred after November 15, 2012.

27. On November 14, 2012 the Plaintiff represented by undersigned counsel, filed a Complaint and Jury Demand in this Court regarding the Defendant's collection efforts on the Account. <u>Phebe Lassiter v. Pinnacle Financial Group Incorporated, Civil Action No. 12-cv-02992-CMA-MJW, USDC Colorado.</u>

28. A copy of the Court filed Complaint and Jury Demand in Civil Action No. 12-cv-02992-CMA-MJW is attached as **Exhibit 1**.

29. Paragraph 18 of Exhibit 1 identifies the Account as a Qwest / Centurylink account.

30. Paragraph 21 of Exhibit 1 states: "After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection."

31. Paragraph 22 of Exhibit 1 states: "The Plaintiff disputes the Account."

32. Paragraph 23 of Exhibit 1 states: "The Plaintiff requests that the Defendant cease all further communication on the Account."

33. The Complaint and Jury Demand in Civil Action No. 12-cv-02992-CMA-MJW (Exhibit 1) was served upon the Defendant's registered agent in the State of Colorado on November 14, 2012. (CM/ECF # 4). The Court filed Return of Service / Summons Returned Executed is attached as **Exhibit 2**.

34. The Defendant is represented by Joseph J. Lico, Esq. of Adam L. Plotkin, P.C., 621 17th Street, Suite 1800, Denver, Colorado, 80293 in Civil Action No. 12-cv-02992-CMA-MJW.

35. On December 19, 2012 the Defendant filed an Answer in Civil Action No. 12-cv-02992-CMA-MJW. (CM/ECF # 10). The Court filed Answer is attached as **Exhibit 3**.

36. Numbered paragraph 22 of the Defendant's Answer in Civil Action No. 12-cv-02992-CMA-MJW (attached as Exhibit 3) states: "Paragraph 22 of Plaintiff's Complaint does not make any allegations to which a response is required. To the extent that Paragraph 22 suggests that Pinnacle violated the FDCPA, Pinnacle denies that allegation."

37. Numbered paragraph 23 of the Defendant's Answer in Civil Action No. 12-cv-02992-CMA-MJW (attached as Exhibit 3) states: "Paragraph 23 of Plaintiff's Complaint does not make any allegations to which a response is required. To the extent that Paragraph 23 suggests that Pinnacle violated the FDCPA, Pinnacle

4

denies that allegation."

38. As of November 14, 2012 the Defendant was aware that the Plaintiff had requested in writing that the Defendant cease all further communication on the Account via the Complaint and Jury Demand in Civil Action No. 12-cv-02992-CMA-MJW that was served on the Defendant via its registered agent in the state of Colorado on November 14, 2012.

39. As of November 14, 2012 the Defendant was aware that the Plaintiff was represented by an attorney on the Account via the Complaint in Civil Action No. 12-cv-02992-CMA-MJW that was served on the Defendant via its registered agent in the state of Colorado on November 14, 2012.

40. In January 2013 the Defendant sent the Plaintiff a letter dated January 25, 2013 via US mail regarding the Account.

41. In January 2013 the Defendant sent the Plaintiff a letter via US Mail dated January 25, 2013 while attempting to collect the Account from the Plaintiff. (Hereinafter referred to as: "Letter").

42. A copy of the Letter dated January 25, 2013 from the Defendant to the Plaintiff while attempting to collect the Account is attached as **Exhibit 4**.

43. The Letter states in part: "ENCLOSED IS THE DOCUMENTATION YOU REQUESTED REGARDING YOUR PAST DUE ACCOUNT WITH CENTURYLINK".

44. The Letter states in part: "Creditor CENTURYLINK".

45. The Letter states in part: "Amt Owed 231.74".

46. The Letter states in part: "WE ASK THAT YOU REVIEW THIS MATTER AND REMIT BALANCE DUE IN ORDER TO CLEAR YOUR ACCOUNT".

47. The Letter states in part: "THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE".

48. The Letter states in part: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR.".

49. The only reason that the Defendant sent the Letter to the Plaintiff via US mail was to attempt to collect the Account.

50. The Defendant's action(s) constitute illegal communication in connection with debt collection and violate FDCPA 1692c(a)(2) and 1692c(c).

51. The Defendant's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

52. The Letter conveyed information regarding the Account directly or indirectly to the Plaintiff.

53. The Letter is a "communication" as defined by FDCPA § 1692a(2).

54. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

55. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo.

2011).

56. "While we have yet to decide the issue, we agree with those courts holding the doctrine of claim preclusion does not necessarily bar plaintiffs from litigating claims based on conduct that occurred after the initial complaint was filed. *See Johnson v. Board of County Comm'rs of Johnson County, Kansas*, No. 99-2289-JWL, 1999 WL 1423072, at * 3-4 ( D.Kan. Dec. 9, 1999) ("Because a Plaintiff has no obligation to expand his or her suit in order to add a claim that he or she could not have asserted at the time the suit was commenced, several circuits have held that res judicata dos not bar a second lawsuit to the extent that suit is based on acts occurring after the first suit is filed." Mitchell v. The City of Moore, Oklahoma, 218 F.3d 1190, 1202-1203 (10th Cir. 2000).

57. "Claim preclusion, however, "does not preclude litigation of events arising after the filing of the complaint that formed the basis of the first lawsuit… The plaintiff has no continuing obligation to file amendments to the complaint to stay abreast of subsequent events; plaintiff may simply bring a later suit on those later arising claims." Goins v. JBC & Associates, P.C., 353 F.Supp.2d 262, 266 (D.Conn. 2005).

58. "Because the facts underlying this suit arose subsequent to the filing of plaintiffs' previous complaint and are distinct from the facts underlying the previous suit, this action is not duplicative." Goins v. JBC & Associates, P.C., 353 F.Supp.2d 262, 267 (D.Conn. 2005).

59. Defendants argue that by bringing three separate actions, plaintiff may obtain

7

more damages than if she had brought a single action based on all claimed violations. The FDCPA provides that statutory damages "in the case of any action by an individual" shall not "exceed[ ] $1,000," 15 U.S.C. §1692k(a)(2)(A), and based on this language at least two circuits have held that the FDCPA limits additional damages beyond the actual damages sustained by a plaintiff to $1,000 per action, not per violation. See Harper v. Better Business Services, Inc., 961 F.2d 1561, 1563 (11th Cir.1992) (holding that additional damages were limited to $1,000 per action because "[t]he FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, of $1,000 per improper communication, or of $1,000 per alleged debt. If Congress had intended such limitations, it could have used that terminology."); Wright v. Finance Service of Norwalk, Inc., 22 F.3d 647, 651 (6th Cir.1994) ("Congress intended to limit 'other damages' to $1,000 per proceeding, not to $1,000 per violation."). There is no prohibition in the FDCPA against separate lawsuits for separate statutory violations of the FDCPA by the same defendant. Where, as here, the subsequent action is not duplicative and would not be barred under the claim preclusion doctrine, plaintiff may avail herself of the serendipity of an additional FDCPA violation by the same defendant subsequent to initiation of a prior lawsuit and thereby avoid a per action damages limitation, as is undoubtedly plaintiff's strategy here. Goins v. JBC & Associates, P.C., 353 F.Supp.2d 262, 267 (D.Conn.2005).

60. As a consequence of the Defendant's collection activities and

communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## RESPONDEAT SUPERIOR

61. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

62. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

63. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

64. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

65. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

66. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

67. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

68. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I, FDCPA VIOLATION

69. The previous paragraphs are incorporated into this Count as if set forth in full.

70. The act(s) and omission(s) of the Defendant and its representative(s),

employee(s) and / or agent(s) violated the FDCPA, § 1692c(a)(2), c(c) and § 1692f preface.

71. Pursuant to FDCPA section 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. Judgment in favor of the Plaintiff and against the Defendant.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

                        Respectfully submitted,

                        _s/ David M. Larson_____
                        David M. Larson, Esq.
                        88 Inverness Circle East, Suite I-101
                        Englewood, CO 80112
                        (303) 799-6895
                        Attorney for the Plaintiff