IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00268-PAB-MJW

PHEBE LASSITER,

       Plaintiff,

v.

PINNACLE FINANCIAL GROUP, INC., a Minnesota corporation,

       Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS (CM/ECF # 20)**

---

COMES NOW the Plaintiff, by and through her counsel of record and in support of this Response states:

## LEGAL STANDARD

The Tenth Circuit has addressed the standard in determining whether a trade secret exists:

> Factors considered in determining whether a trade secret exists include: (1) the extent to which information is known outside the business; (2) the extent to which it is known to those inside the business, i.e., by the employees; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information.
>
> Hertz v. Luzenac Group, 576 F.3d 1103, 1108 (10th Cir. 2009).

"It is beyond question that this Court has the discretionary power to control and seal, if necessary, records and files in its possession." Crystal Grower's Corporation v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). "In exercising this discretion we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." Crystal Growers Corporation at 461.

"In order to guarantee that the public is able to inspect court records, the public right of access "ensure[s] a presumption of access and permit[s] a court to bar disclosure only when the specific interests favoring secrecy outweigh the general and specific interests favoring disclosure." Daines v. Harrison, 838 F.Supp. 1406, 1408 (D.Colo. 1993).

**THE DEFENDANT HAS NOT DEMONSTRATED THAT THE INFORMATION IT HAS DESIGNATED AS CONFIDENTIAL IS IN FACT SECRET, CONFIDENTIAL AND/OR CONSTITUTE TRADE SECRETS**

The Defendant's Motion is devoid of any showing that the documents that it claims are secret, confidential and/or trade secrets are in fact secret, confidential or trade secrets. Documents are not confidential just because the Defendant and/or its counsel mark them confidential. The Defendant provides no argument or authority in support of its argument that the documents it has designated as confidential in this case are confidential. The Defendant's Motion refers to a reasonable expectation of privacy (without providing any evidence or basis for this expectation) as to the policies and procedures and training given to the employees but fails to give any specific basis for their confidentiality. The

Defendant does not address whether, for example, if this information has ever been provided in another lawsuit where it was not designated as confidential or if it has been found to be not confidential by any other Court or reviewed by any individuals without any protective Order in place.

The Defendant is claiming that these documents support its Bona Fide Error Affirmative Defense yet also claiming that they are confidential. So the Defendant's position is that the documents provide the basis for its Affirmative Defense that it must prove at trial but that it cannot show the documents to the jury unless the jurors sign an agreement to keep the information confidential? This is absurd. The Plaintiff cannot file a lawsuit saying the Defendant violated the FDCPA and then claim that the basis of his lawsuit on how the Defendant violated the FDCPA is confidential and cannot be made part of the Court record. The Defendant's training materials simply restate state and federal law and caselaw thus they cannot be secret, confidential or a trade secret.

The Defendant's arguments regarding the insurance policies in this case being confidential are without merit and should be rejected by the Court. The Defendant's arguments on this issue are solely based on insurers alleged position and the alleged harm to the insurer. The problem with the Defendant's argument is that the Defendant's insurer did not file this motion. The Defendant's insurer could have intervened in this case to address this issue but chose not to.

The Defendant cannot now make these arguments on behalf of a party who is not in the case. No where in Defendant's argument regarding the

3

insurance policies at issue in this case does the Defendant make any argument that the insurance policy is confidential or that the Court finding that it is not confidential would harm the Defendant – all the arguments are directed at alleged harm to the Defendant's insurance carrier who is not a party to this case or this Motion. The Insurance policies are provided to the Defendant's numerous clients and the insurance policies themselves which are not produced by the Defendant but by their Insurers makes no reference in the documents that they are confidential because they are not. The Defendant asserts that maintaining confidentiality of the insurance policy is both reasonable and appropriate but that is not the standard for the Court to apply as stated above. By applying the standard as stated by the 10th Circuit in the <u>Hertz</u> case the insurance policy does not meet the standard to maintain its designation as confidential.

      The Defendant has failed to provide any evidence that the documents are secret, confidential or trade secrets other than its bald assertions in its motion that they are. The Affidavit attached to the Defendant's Motion fails to make any showing of the factors stated in the <u>Hertz</u> case other than simply stating the factors themselves. Under the standard as stated by the 10th Circuit in <u>Hertz</u> the Defendant's argument fails as it has not shown any of the six factors listed apply to the documents it asserts are confidential in this case. The Defendant has not made any showing of any precautions it has taken to guard the secrecy of the information, the information is known outside the business and inside the business, no showing has been made of the savings effected and the value of

the information as against competitors, the amount of money expended in obtaining and developing the information or the amount of time and expense it would take for others to acquire and duplicate the information.

The Defendant has also failed to show how its interests outweigh the interests of the public which the 10th Circuit has held is presumptively paramount in the Crystal Grower's Corporation case. The Defendant has failed to show what specific interests favor secrecy over disclosure as required in the Daines case.

The Defendant has made no showing in this case and provided no evidence that the information it seeks to maintain as confidential is secret, confidential or a trade secret because none exists thus the Defendant's Motion must fail as the Defendant has failed to meet its burden to maintain the Confidentiality of the documents.

U.S. Magistrate Boyd N. Boland held a hearing in another FDCPA case involving a similar issue in an FDCPA case in Gordon Howard v. Stellar Recovery, Inc., 12-cv-01207-RPM-BNB where the Defendant in that case asserted numerous documents were confidential, including many of similar documents that the Defendant in this case seeks for this Court to find confidential in this case including a Defendant's insurance policy, in the Court Order denying the Defendant's Motion in that case with the exception of the Defendant's Western Union Contact Information including its account number, CM/ECF # 55, the Court found that the Defendant's Motion was conclusory and that the Affidavit submitted by the Defendant at argument by Bob B. Peterson generally recited

5

the same arguments with no greater factual specificity and that the Defendant had failed to meet the standard in the <u>Hertz</u> case for the Court to Order the information is confidential. Clearly the documents similar to those that Magistrate Judge Boland Ordered were not confidential in a similar FDCPA case involving similar documents are not confidential in this case. A copy of the Court Order in the Howard case is attached as **Exhibit 1**.

U.S. Magistrate Michael J. Watanabe held a hearing in another FDCPA case involving very similar issues in an FDCPA case in <u>Michael Green v. Stellar Recovery, Inc.</u>, 12-cv-00804-RPM-MJW where the Defendant in that case asserted numerous documents were confidential, including many of similar documents that the Defendant in this case seeks for this Court to find confidential in this case, in the Court Order denying the Defendant's Motion in that case with the exception of the Defendant's Western Union Contact Information including its account number, CM/ECF # 65, the Court adopted U.S. Magistrate Judge Boyd N. Boland's opinion in the Howard case discussed above and held accordingly. A copy of the Court Order in the Howard case is attached as **Exhibit 2**.

The Court in the instant case should deny the Defendant's Motion for the same reasons the Court denied the Defendant's Motion in the <u>Howard</u> and <u>Green</u> cases discussed above, with the exception listed above, as the Defendant's Motion in the instant case is conclusory and the Defendant's Affidavit in this case generally recites the same arguments with no factual specificity and the

Defendant's Motion has failed to meet the standard in the Hertz case for this Court to Order that the information is confidential.

## CONCLUSION

The Defendant has made no showing in this case as required and provided no evidence that the information it seeks to maintain as confidential is secret, confidential or a trade secret by the standards shown above thus its Motion should be denied by the Court.

Dated: May 6, 2013.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2013, I electronically filed the foregoing Response to the Defendant's Motion for Protective Order Regarding Confidential Documents pursuant to the Protective Order (CM/ECF # 20) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

jlico@alp-pc.com

___s/ David M. Larson_____