IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00268-PAB-MJW

PHEBE LASSITER,

    Plaintiff,

v.

INTEGRITY SOLUTION SERVICES, INC., a Missouri corporation,
formerly known as Pinnacle Financial Group Incorporated, a Minnesota corporation,

    Defendant.

---

**ORDER**

---

    This matter is before the Court on Defendant's Brief Regarding Statutory Damages [Docket No. 74] filed by defendant Integrity Solution Services, Inc. and Plaintiff's Brief Regarding Statutory Damages [Docket No. 75] filed by plaintiff Phebe Lassiter. This matter arises out of plaintiff's claim against defendant for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

    On March 18, 2014, the Court granted plaintiff's motion for partial summary judgment [Docket No. 42], finding no material dispute of fact as to defendant's liability under the statute. Docket No. 69. The Court found that defendant violated 15 U.S.C. § 1692c(c) by sending plaintiff a letter attempting to collect on a debt after defendant received notice that (1) plaintiff was represented by counsel on the account in question and (2) plaintiff wanted defendant to cease direct communications with her. *Id*. at 10. The Court found that the letter was not sent as the result of a bona fide error. *Id*. at 13-

14. The parties waived their right to a jury trial and consented to the Court determining an award of statutory damages based on the parties' briefing. Docket No. 72.

The FDCPA provides for statutory damages in an amount "as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). In determining the amount of statutory damages to award, courts are to consider the debt collector's conduct, specifically "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Courts have denied an award of statutory damages in cases where the violation is isolated, non-threatening, and unintentional. *See, e.g.*, *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989); *Emanuel v. Am. Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989); *Obenauf v. Frontier Fin. Grp., Inc.*, 785 F. Supp. 2d 1188, 1199 (D.N.M. 2011) ("Because FFG's liability is based on a single telephone call in the middle of the day, the Court awards no statutory fees."); *O'Connor v. Check Rite, Ltd.*, 973 F. Supp. 1010, 1020 (D. Colo. 1997). In other cases, courts have awarded up to the full $1000 where debt collectors violated the FDCPA by sending one or more letters that did not contain required disclosures or were otherwise false or misleading. *See, e.g.*, *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 218 (E.D.N.Y. 2009) (awarding $500 where the defendant violated the FDCPA by sending one letter that was "not threatening in tone" and there was "no evidence that the violation was intentional"); *Francis v. Snyder*, 2006 WL 1236052, at *1 (N.D. Ill. May 4, 2006) (awarding $1000 in statutory damages where debt collector sent letter threatening

baseless lawsuit); *Rabideau v. Mgmt. Adjustment Bureau*, 805 F. Supp. 1086 (W.D.N.Y. 1992) (awarding $1000 in statutory damages where debt collector sent two letters that did not sufficiently display required disclosures and where demand for immediate payment overshadowed the validation notice).

Plaintiff argues that the Court should award the full amount of statutory damages available because this is the second time that plaintiff has sued defendant for an FDCPA violation and because defendant does not have policies or procedures in place to prevent this type of violation. Docket No. 75 at 6-7. Defendant argues that the Court should award no statutory damages because defendant's violation consisted of sending a single letter that did not contain abusive language, did not cause mental or emotional distress, and was sent despite defendant's efforts to comply with the FDCPA.[1] Docket No. 74.

The Court finds the reasoning in *Sterling v. Am. Credit & Collections, LLC*, No. 11-cv-03113-DME-BNB, 2012 WL 3553757 (D. Colo. Aug. 16, 2012), to be applicable in this case. "[M]aximum statutory damages under 15 U.S.C. § 1692k(a)(2)(A) should

---

[1] Defendant also suggests that the Court should reduce the statutory damages award because, by filing a separate action instead of moving to amend her complaint in an earlier action filed against defendant, plaintiff "is seeking to double her damages and fees and this should not be rewarded." Docket No. 74 at 6. "Where, as here, the subsequent action is not duplicative and would not be barred under the claim preclusion doctrine, plaintiff may avail herself of the serendipity of an additional FDCPA violation by the same defendant subsequent to initiation of a prior lawsuit and thereby avoid a per action damages limitation, as is undoubtedly plaintiff's strategy here." *See Goins v. JBC & Assocs., P.C.*, 352 F. Supp. 2d 262, 267 (D. Conn. 2005). Accordingly, the Court will not deny an award of statutory damages on this basis.

be reserved for egregious violations of the FDCPA," for example, cases where the defendant repeatedly uses abusive language, improperly threatens legal action or the use of self-help, or aggressively intrudes on a consumer's home, place of employment, or piece of mind. *Id.* at *4; *see also, e.g.*, *Clomon v. Jackson*, 988 F.2d 1314, 1316 (2d Cir. 1993) (upholding award of $1000 in statutory damages where the defendant, an attorney, "authorized the sending of debt collection letters bearing his name and a facsimile of his signature without first reviewing the collection letters or the files of the persons to whom the letters were sent"); *Farmer v. Riverwalk Holdings, Ltd.*, 2014 WL 1745433, at *2-3 (E.D. Tenn. May 1, 2014) (awarding $1000 in statutory damages where the defendant used a "false, deceptive and misleading warrant and affidavit to collect a debt"); *Risorto v. Malcolm S. Gerald & Assocs., Inc.*, No. 13-cv-02993-REB-BNB, 2014 WL 1328524, at *3 (D. Colo. Apr. 2, 2014) (awarding $1000 where the defendant "called the plaintiff daily for many months and on at least 140 different occasions; failed to leave messages; and allowed calls to go to voicemail but would say nothing, resulting in 'dead air' voicemails"); *Rivera v. Nat'l Check Processing, LLC*, 2011 WL 996340, at *2 (W.D. Tex. Mar. 17, 2011) (awarding $1000 in statutory damages where the defendant "continuously" called the plaintiff's home and work phones, threatening "to have her arrested, bring charges against her, and to add attorney's fees to the debt").

The sending of a single letter, as in this case, does not constitute a frequent or persistent violation. *See* 15 U.S.C. § 1692k(b)(1). Plaintiff has not provided evidence that the letter caused her distress or anxiety. *Compare Sterling*, 2012 WL 3553757, at

*4 ("Plaintiff testified to the distress and anxiety that the letter caused her."). The letter "was not hostile in tone, and it did not threaten legal action or raise the specter of criminal prosecution or incarceration." *See id.*; *see* Docket No. 42-1. Furthermore, a jury in plaintiff's previous case against defendant found there was no violation of the FDCPA, *see* Case No. 12-cv-02992-CMA-MJW, Docket Nos. 69 and 70, which means that there is not a pattern of violations. However, although there is no evidence that the violation was intentional, the undisputed facts indicate that defendant does not maintain policies or procedures "reasonably adapted to avoid" the violation at issue in this case. Docket No. 69 at 10-14. Accordingly, the Court finds that an award of $150.00 in statutory damages is appropriate.

Wherefore, it is

**ORDERED** that $150.00 in damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) are awarded against defendant Integrity Solution Services, Inc. and in favor of plaintiff Phebe Lassiter. It is further

**ORDERED** that this case is CLOSED.

DATED May 15, 2014.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge